HALL, Judge.
The appellants challenge the summary-judgment entered in favor of the appellees in the appellants’ action for slander of title and to quiet title. We find merit only in the appellants’ arguments regarding the count to quiet title and therefore affirm in part and reverse in part.
This action arose out of a dispute between the parties over a strip of land between their adjoining citrus groves. At the time the appellants purchased their grove, the strip was under cultivation as part of the appellees’ grove. The dispute arose a few years later when the appellee, C. Linden Davidson, approached the appellant, Carl P. Boozer, and requested an easement over a portion of the strip and Boozer denied the request. The appellees subsequently notified the appellants that they claimed title to the strip. The appellants then filed this action.
The appellees filed a motion for summary judgment. The trial court granted the motion, finding no genuine issues of material fact regarding the appellees’ assertion that they held title to the disputed strip through the adverse possession of their predecessors without color of title for seven years prior to June 5, 1939. We disagree. The record does not eliminate all issues of material fact regarding whether the appellees’ predecessors adversely possessed the disputed strip for seven years prior to 1939 or whether the 1974 amendment of section 95.18, Florida Statutes (Supp.1974), applies to this case.
Accordingly, we affirm the summary judgment with regard to the count for slander of title but reverse it with regard to the count to quiet title, and we remand for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.